Cyrus N. PLUSH, Plaintiff–Appellant,

v.

Sgt MURPHY; et al., Defendants–
Appellees.

No. 02–36094.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted May 12, 2003.*

Decided May 20, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM **

Cyrus N. Plush, a Washington state prisoner, appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's factual findings and review de novo applications of law. *See Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003). We affirm.

Plush's contention that the district court clearly erred by finding that he did not exhaust his administrative remedies is unpersuasive because there is no evidence in the record contradicting defendants' evidence showing Plush failed to exhaust. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 369 (9th Cir.1988) (per curiam).

Plush contends he could not exhaust because the strip-search policy was eliminated. Plush's contention is unpersuasive because elimination of the policy did not negate his past injury and prisoners are required to exhaust available administra-

tive remedies before filing suit regardless of the adequacy of available remedies. *See Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Plush's contention that prison officials prevented him from exhausting by forcing him to rewrite his grievance ten to twenty times and by transferring him to another facility is unsupported by the record.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

